Felipe Sanabria Etc., Plaintiff and Appellant, *v.* White Star Bus Line, Inc., Defendant and Appellee.

No. 7170.   Argued December 11, 1936.—Decided December 18, 1936.

*Daniel Pellón, Jr.* and *Mariano Acosta Velarde* for appellant.   *Celestino Iriarte, F. Fernández Cuyar* and *H. González Blanes* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

On May 21, 1931, Felipe Sanabria was struck by one of the defendant's busses while the said Sanabria was on duty as a traffic officer on Ponce de León Avenue, in front of the San Agustín church, in Puerta de Tierra, San Juan.

Felipe Sanabria, the party injured, filed a complaint in the District Court of San Juan on May 18, 1932, to recover damages for the injuries which were caused him by the defendant's bus.   Six months after the complaint was filed, and before the trial thereon was held, Felipe Sanabria died, and a year and a half after his death the heirs of Felipe Sanabria appeared before the district court within the action brought by their predecessor and asked that they be substituted for him in order that the action might continue, in

the name of the heirs, just as if Felipe Sanabria had not died. The lower court granted the motion, and after the complaint was answered the case went to trial and the court *a quo* rendered judgment for the defendant, without costs.

There is no controversy with respect to the fundamental questions on which the action is based. Both parties, by stipulation, have accepted the following facts:

That Felipe Sanabria, on the date of the accident, was a member of the Insular Police of Puerto Rico, and at the time of the said accident he was on duty as such policeman on Ponce de León Avenue, in front of San Agustín church, Puerta de Tierra, attending to and regulating the traffic of persons at that place; that the bus which struck Felipe was owned by the defendant and at the time of the accident it was driven by an employee of the defendant who was acting within the scope and in the discharge of his duties; that Felipe Sanabria was struck by the bus and suffered a fracture of the tibia and fibula of the left leg, incisions in the left frontal parietal region, contusions of the left cheek accompanied by temporary loss of consciousness; that Felipe Sanabria was given medical treatment in the Santurce Clinic on May 21, 1931 and on June 29, 1931, by order of the defendant he was sent to the Neurological Clinic of Doctor Juliá, where he remained until May, 1932; that the said injuries received by Felipe Sanabria were due to the negligence of the defendant, without any fault or negligence on the part of Felipe Sanabria; that from May 21, 1931 to November 17, 1932, Felipe Sanabria was physically incapacitated for his work as an insular policeman and as a consequence did not receive the salary of $81 per month which he earned as an insular policeman; that since all of the officers of the Insular Police are insured in the State Fund against accidents in the course of their employment, the accident suffered by Felipe Sanabria was referred to the Industrial Commission; that the plaintiffs' predecessor received from the said commission, by way of advances on account of the award in

his favor, the sum of $583.75 besides $1,142 for hospitalization and X-rays, there remaining on the date of the death of the said Felipe Sanabria a balance of $916.25, of which amount the sum of $316.25 was ordered paid to his widow Antonia María Navarro, and the sum of $600 to his children Felipe, Juan and Carmen Sanabria.

The lower court held that the plaintiffs have no cause of action against the defendant, because they received compensation from the Industrial Commission. The defendant-appellee admits that this question has been decided by this court in the case of *Machado* v. *The American Railroad Co.*, 49 P.R.R. ____, and that therefore the judgment of the lower court should be reversed.

In the opinion of the appellee, a case such as this may be remanded to the lower court with the instruction that the employer be made a party, in order that any compensation that he may have paid may be deducted from the judgment, the balance being paid to the plaintiffs; but in case this court should decide to render judgment fixing the amount of the damages, it calls attention to the elements of damages which arise from the stipulation, which, in its opinion, are the only ones which should be considered by this court. It adds also that under the circumstances of the case, it should be relieved of paying the costs.

The appellee maintains that the cost of the medical treatment and hospitalization in the Santurce Clinic and the Juliá Clinic cannot be elements of damages in this case.

During the hearing the attorneys for the plaintiffs agreed with the defendant, adding that they have not included those expenses in their claim. It is a fact, however, that by order of the Industrial Commission Felipe Sanabria was paid the sum of $583.75, and that the payment of other sums to the widow and the children of the deceased policeman has been ordered in addition to $1,142 paid for hospitalization and X rays. It seems to us that in order to protect the rights

of the State Insurance Fund this case should be remanded to the lower court.

In *Machado* v. *Am. R. R. Co. of P. R., supra,* we cited the case of *Black* v. *Chicago Great Western R. Co.,* 174 N. W. 774, 780, where an action was brought by the employee after having received compensation in accordance with the workmen's compensation act. The court affirmed the decision of the lower court, expressing itself as follows at the close of the opinion rendered in the said case:

"Under the peculiar circumstances shown, the cause is remanded, with directions that the employer be brought in, to the end that any compensation which has been paid by him may be deducted from the judgment and paid to him, and the balance to plaintiff."

Inasmuch as this case must be remanded to the court *a quo,* we are of the opinion that the said court should be given the opportunity to fix the amount of damages and to decide the question of the costs. The case is not remanded for new trial, but in order that, on the basis of the questions decided, the State Fund may be summoned so that it may have an opportunity to defend its rights, and in addition that the decision to which we have referred regarding the amount of the damages and the costs of this litigation be made.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion.

Mr. Chief Justice Del Toro took no part in the decision of this case.